FILED
2019 Sep-05 PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D'ANDRE STEELE, | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 2:18-CV-01810-KOB |
| LIBERTY INSURANCE CORPORATION, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

This matter now comes before the court on "Defendant's Partial Motion to Dismiss Plaintiff's Complaint," in which Liberty Insurance Corporation moves to dismiss Count One (negligence), Count Three (bad faith), Count Four (fraud), and Count Five (Alabama Deceptive Trade Practices Act) of Plaintiff D'Andre Steele's amended complaint. (Doc. 8). Mr. Steele consented to the dismissal of Counts One, Four, and Five but argues he has met the pleading requirements for Count Three. (Doc. 13 at 2). For the reasons stated below, this court WILL GRANT Liberty's motion to dismiss but WILL GRANT Mr. Steele specific leave to amend his complaint to cure the pleading deficiencies.

**I. Factual Background**

Mr. Steele's Liberty Mutual tenant insurance policy, which included coverage of specific jewelry in the amount of $101,995.00 and became effective February 17, 2018, covered a set of diamond earrings and a Rolex watch. (Doc. 7 at ¶¶ 13, 16, 17; Doc. 8 at 1). On May 1, 2018, Mr. Steele left the insured jewelry in his car while he attended a car auction in Moody, Alabama. (Doc. 7 at ¶¶ 5, 8, 17). Upon realizing an individual had entered his vehicle, driven his car off the

1

lot, and stolen his jewelry, Mr. Steele notified Liberty Mutual and initiated a claim. (Doc. 7 at ¶¶ 9, 10, 12).

Although the complaint fails to give a specific timeline of when Mr. Steele initiated the claim, his complaint alleges he received a claim denial letter from John Baust of the Liberty Mutual Claims Department on September 20, 2018. (Doc. 7 at ¶ 20). This letter cited a review into Mr. Steele's claim, which supposedly revealed fraudulent jewelry appraisals. (Doc. 7 at ¶ 20). Liberty provided no other justification for the claim denial, and Mr. Steele contested the denial through his attorney. (Doc. 7 at ¶¶ 21–22). Mr. Baust and Liberty responded with a similar letter, again denying coverage. (Doc. 7 at ¶ 22).

In response to Liberty's claim denial, Mr. Steele filed an amended complaint, alleging six counts—Count One (negligence), Count Two (breach of contract), Count Three (bad faith), Count Four (fraud), Count Five (violations of the Alabama Deceptive Trade Practices Act), and Count Six (entitlement to a declaratory judgment). (Doc. 7). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Liberty Mutual moved to dismiss Counts One, Three, Four, and Five of the complaint, but not the breach of contract count or the declaratory judgment count. (Doc. 8). Mr. Steele consented to the dismissal of Counts One, Four, and Five, (Doc. 13 at 2), so the only issue now before the court is whether Mr. Steele sufficiently pled his bad faith claim.

## II. Standards of Review

*Rule 12(b)(6) motion to dismiss standard of review*

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting

Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of her entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard does not rise to the level of requiring probability but does require that a complaint show more than merely facts that are consistent with liability or the "sheer possibility" of unlawful action. *Id.* If the court determines that well-pled facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

*Rule 15(a)(2) Motion to Amend Complaint*

"After a party has amended its pleading once as a matter of course, the party may amend its pleading only with the opposing party's written consent or with the court's leave." *Spaulding v. Poitier*, 548 Fed. Appx. 587, 593–94 (11th Cir. 2013) (citing Fed. R. Civ. P. 15(a)(2)). Although the court retains the sole discretion to grant leave to amend a complaint, Rule 15(a) and the interests of justice dictate that leave to amend should be granted freely and should not be

denied without a substantial reason. *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (quoting *Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir.1985)). However, the court need not allow amendment of a complaint where the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**III. Discussion**

Two issues now come before the court: first, Defendant Liberty's motion to dismiss, and second, if the court grants the motion dismiss, Mr. Steele's motion to amend. The court addresses each in turn.

*A. Motion to Dismiss*

Liberty asserts the court should dismiss Mr. Steele's bad faith claim because his complaint fails to allege the cause of action with the requisite specificity under Rule 8(a)(2).

Under Alabama law, a bad faith denial-of-coverage claim requires a plaintiff to show (1) a breach of insurance contract, (2) refusal to pay claim, (3) absence of arguable reason to deny the claim, and *either* (4) the insurer's knowledge of such absence *or* (5) the insurer's intentional failure to determine whether it had a legitimate or arguable reason to refuse to pay the claim. *See Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982). Elements one through four "represent a 'normal' case," while the so-called "conditional" fifth element "represents the abnormal case." *See Employees' Benefit Ass'n v. Grissett,* 732 So. 2d 968, 976 (Ala. 1998). Although not abundantly clear from the caselaw, this court understands the fifth element of an abnormal bad faith claim as replacing the fourth element of a normal bad faith claim, such that insurers cannot rely on their own willful ignorance to undermine the knowledge requirement. *Chavers v. Nat'l Sec. Fire & Cas. Co.*, 405 So. 2d 1, 7 (Ala. 1981) ("An actionable tort arises for

an insurer's intentional refusal to settle a direct claim where there is either '(1) no lawful basis for the refusal *coupled with actual knowledge* of that fact or (2) *intentional failure to determine* whether or not there was any lawful basis for such refusal.'") (emphasis added).

Despite normal *and* abnormal methods of proving a bad faith claim, only one tort for bad faith exists. *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 257–258 (Ala. 2013) ("[T]here is only *one* tort of bad-faith refusal to pay a claim, not two 'types' of bad faith or two separate torts.") (emphasis added). A plaintiff can establish his or her bad faith claim through one or both of these two methods. *Grissett*, 732 So. 2d at 976 ("[H]e or she can prove the requirements necessary to establish a 'normal' case, or, failing that, can prove that the insurer's failure to investigate at the time of the claim presentation procedure was intentionally or recklessly omissive."). Mr. Steele's complaint does not specify under which method he seeks to establish his bad faith claim,[1] so the court analyzes his claim under both.

1. Normal Bad Faith

To establish normal bad faith, Mr. Steele must plausibly allege (1) a breach of insurance contract, (2) the refusal to pay a claim, (3) the absence of an arguable reason to deny the claim, and (4) the insurer's knowledge of such absence. *Bowen*, 417 So. 2d at 183.

Count Three of Mr. Steele's amended complaint includes four allegations: (1) a valid insurance contract existed; (2) Defendant failed to cover Plaintiff's claim, breaching the contract; (3) "[Defendant] has no legal or factual basis to deny [Plaintiff's] insurance claim;" and (4) Defendant acted in bad faith. (Doc. 7 at ¶¶ 35–38). Liberty appears to concede that Mr. Steele sufficiently alleges the first two elements of a normal bad faith claim. But, Liberty argues the complaint's remaining "facts" fail to state anything more than mere conclusions and that Mr.

---

[1] In Plaintiff's response, he states his complaint "should be read to include bad-faith refusals in both the normal and abnormal sense as he has pled facts that meet all elements of both forms of bad faith activity." (Doc. 13 at 7 n. 2).

Steele has therefore failed to plausibly plead the third and fourth elements of his normal bad faith claim.

The third element of a normal case of bad faith requires the plaintiff to allege the insurer lacked any arguable reason for denying his claim. Alabama courts have concluded that, for the purpose of notice pleading, simply alleging a lack of an arguable reason suffices. For instance, in *Scottsdale Indem. Co. v. Martinez, Inc*., the district court concluded that alleging "a lack of any reasonable basis for denying the claim" put the defendant on notice of the claim against it. No. 2:12-CV-2146-KOB, 2013 WL 360139, at *4 (N.D. Ala. Jan. 29, 2013). Additionally, in *Jason's Port City Health Club, Inc. v. Hartford Fire Ins. Co.*, the court concluded that "the plaintiff's allegation that [Defendant] denied coverage 'with no legal justification whatsoever,' . . . plainly captures [the third] element, by 'inferential allegation' if not directly." No. CIV.A. 05-0206-WS-C, 2005 WL 1527692, at *1 (S.D. Ala. Jun. 27, 2005).

Mr. Steele makes two allegations regarding Liberty's lack of arguable reason. First, he alleges "[Liberty's] denial of coverage and failure to pay was without reasonable justification, not based in fact, and in bad faith." (Doc. 7 at ¶ 26). Second, he alleges that, "[Liberty] is in breach of contract, without reasonably debatable grounds for denying the claim. In other words, [Liberty] has no legal or factual basis to deny Mr. Steele's insurance claim." (Doc. 7 at ¶ 37). Like the plaintiffs in *Jason's Port City* and *Scottsdale*, Mr. Steele's allegations "plainly capture" the third element by inferential allegation, if not directly. So, the court declines to dismiss Count Three for failure to plead Liberty lacked an arguable reason to deny coverage.

Normal bad faith also requires the plaintiff to allege the insurer had knowledge of the lack of any arguable reason. Although the Plaintiff apparently attempts to establish a claim of normal bad faith, he neglects to allege, inferentially or directly, that Liberty *knowingly* lacked an

6

arguable reason. Because Mr. Steele's complaint lacks any assertion of knowledge or intent, it fails to satisfy the fourth element. *See Boston v. Hartford Ins. Co.*, No. 1:07-CV-663-MEF, 2006 WL 5389161, at *2 (M.D. Ala. Feb. 12, 2006) ("[T]he Complaint does not allege any knowledge or intent on the part of [the Defendant], it simply alleges the failure to pay the claim. Under these circumstances, this court does not find the Complaint states a claim for bad faith. . . ."). Because of this failure, the court WILL GRANT Liberty's motion to dismiss Mr. Steele's normal bad faith claim.

2. Abnormal Bad Faith

As stated above, this court understands the "conditional fifth element" of an abnormal bad faith as replacing the knowledge requirement of a normal bad faith claim. *Cole v. Owners Ins. Co.*, 326 F. Supp. 3d 1307, 1330 (N.D. Ala. 2018) ("The 'abnormal' bad faith theory is akin to deliberate ignorance."); *see also Chavers*, 405 So. 2d at 7. So, in the event a plaintiff fails to establish the insurer had knowledge that no arguable reason for denying his claim existed, the abnormal method of proof can save the bad faith claim by allowing the plaintiff to allege instead that the insurer failed to properly determine the existence of such a reason.

The Alabama Supreme Court has recognized at least four circumstances that can satisfy the conditional fifth element of an abnormal bad faith claim: (1) intentional or reckless failure to investigate the claim, (2) intentional or reckless failure to properly subject the claim to a cognitive evaluation, (3) creation of its own debatable reason for denying the claim, or (4) reliance on an ambiguous portion of the policy as lawful basis to deny the plaintiff's claim. *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 306–07 (Ala. 1999).

Count Three of Mr. Steele's amended complaint contains four paragraphs alleging only that Mr. Steele had a valid insurance contract with Liberty, Liberty violated the contract by

arguable reason. Because Mr. Steele's complaint lacks any assertion of knowledge or intent, it fails to satisfy the fourth element. *See Boston v. Hartford Ins. Co.*, No. 1:07-CV-663-MEF, 2006 WL 5389161, at *2 (M.D. Ala. Feb. 12, 2006) ("[T]he Complaint does not allege any knowledge or intent on the part of [the Defendant], it simply alleges the failure to pay the claim. Under these circumstances, this court does not find the Complaint states a claim for bad faith. . . ."). Because of this failure, the court WILL GRANT Liberty's motion to dismiss Mr. Steele's normal bad faith claim.

2. Abnormal Bad Faith

As stated above, this court understands the "conditional fifth element" of an abnormal bad faith as replacing the knowledge requirement of a normal bad faith claim. *Cole v. Owners Ins. Co.*, 326 F. Supp. 3d 1307, 1330 (N.D. Ala. 2018) ("The 'abnormal' bad faith theory is akin to deliberate ignorance."); *see also Chavers*, 405 So. 2d at 7. So, in the event a plaintiff fails to establish the insurer had knowledge that no arguable reason for denying his claim existed, the abnormal method of proof can save the bad faith claim by allowing the plaintiff to allege instead that the insurer failed to properly determine the existence of such a reason.

The Alabama Supreme Court has recognized at least four circumstances that can satisfy the conditional fifth element of an abnormal bad faith claim: (1) intentional or reckless failure to investigate the claim, (2) intentional or reckless failure to properly subject the claim to a cognitive evaluation, (3) creation of its own debatable reason for denying the claim, or (4) reliance on an ambiguous portion of the policy as lawful basis to deny the plaintiff's claim. *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 306–07 (Ala. 1999).

Count Three of Mr. Steele's amended complaint contains four paragraphs alleging only that Mr. Steele had a valid insurance contract with Liberty, Liberty violated the contract by

failing to pay his claim, Liberty had no legal or factual basis to deny his claim, and Liberty acted in bad faith. (Doc. 7 at ¶¶ 35–38). In his broader statement of facts, which he failed to incorporate by reference in Count Three, Mr. Steele asserts that Liberty's "denial of coverage *and failure to investigate* was not reasonable, without legal or factual basis, and in bad faith." (Doc. 7 at ¶ 27) (emphasis added). This allegation represents the only reference to any conduct that could conceivably give rise to an abnormal bad faith claim. So, the court analyzes whether merely alleging a "failure to investigate" constitutes a factual allegation that satisfies Rule 8(a)(2).

In a similar case involving an insurance claim, this court determined that the plaintiff sufficiently pled abnormal bad faith to overcome a motion to dismiss where the plaintiff alleged that the insurer "intentionally failed to determine whether any lawful basis existed for its refusal to honor Plaintiff's claim," was incompetent in its method of investigating the claim, and failed to conduct any analysis of the claim. *Camp Winnataska, Inc. v. Nat'l Cas. Co.*, No. 4:15-CV-01024-KOB, 2016 WL 2894093, at *3 (N.D. Ala. May 18, 2016) (Bowdre, J.). A court in the Middle District of Alabama denied a motion to dismiss on a claim of abnormal bad faith where the complaint included an entire paragraph stating that the insurer had acted in bad faith by failing to investigate and review the claim. *Clark v. Transcon. Ins. Co.*, No. 2:08-CV-903-WHA, 2009 WL 387129, at *4 (M.D. Ala. Feb. 13, 2009). The court determined that the allegation that bad faith motivated the failure to investigate sufficed to assert that the failure to investigate was intentional or reckless. *Id.*

In both *Winnataska* and *Clark*, the claims of abnormal bad faith specifically included allegations that the insurer, motivated explicitly by bad faith, recklessly or intentionally failed to investigate or review a claim. *See Winnataska*, No. 4:15-CV-01024-KOB, 2016 WL 2894093, at

8

*3; *Clark*, No. 2:08-CV-903-WHA, 2009 WL 387129, at *4. Although an assertion of bad faith formed the basis of an imputed allegation of intentional or reckless conduct in *Clark*, the assertion of bad faith was part of a paragraph specifically alleging the insurer's failure to investigate an insurance claim. *See Clark*, No. 2:08-CV-903-WHA, 2009 WL 387129, at *4. The allegations in *Winnataska* and *Clark*, while not necessarily extensive, supported claims for abnormal bad faith by asserting specific intentional or reckless failures to investigate.

In contrast, Mr. Steele does not specifically allege in Claim Three that Liberty failed to investigate the denial of his claim or that the failure to investigate was intentional or reckless. Although Mr. Steele does include in his broad recitation of facts a statement that Liberty failed to investigate his claim and acted in bad faith, the statement is part of a general assertion that Liberty's "denial of coverage and failure to investigate was not reasonable, without legal or factual basis, and in bad faith." (Doc. 7 at ¶ 27). Nowhere in Claim Three does Mr. Steele mention a failure to investigate, any details regarding investigation, or any allegations regarding the motivation behind a failure to investigate. In the context of the lack of specific allegations in Claim Three, Mr. Steele's invocation of a failure to investigate and bad faith in his general statement of facts takes on the character of "a formulaic recitation of the elements of a cause of action" or an unadorned accusation of harm, rather than an allegation of facts that would allow the court to draw a reasonable inference that Liberty actually failed to investigate and is liable for abnormal bad faith. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Mr. Steele's inclusion of the general denial of benefits in his sole statement regarding failure to investigate reinforces the implication that the mention of failure to investigate is part of a recitation of bad faith as a legal cause of action, rather than a specific factual allegation. Therefore, unlike the plaintiffs in *Winnataska* and *Clark*, Mr. Steele failed to allege an intentional or reckless failure to

investigate with the requisite specificity to support his claim of abnormal bad faith. *See Slade*, 747 So. 2d 293, 306–07. He also failed to allege any other basis for a claim of abnormal bad faith. *See Slade*, 747 So. 2d at 306–07.

Without the requisite factual support for the fifth element, the court WILL GRANT Liberty's motion to dismiss Count Three, as currently pled, in its entirety.

*B. Motion to Amend*

Embedded in his opposition brief, Mr. Steele requests the opportunity to amend his complaint to comply with any pleading deficiencies the court identifies. (Doc. 13 at 8). Liberty argues that granting Mr. Steele leave to amend would be futile, but the court concludes more artful pleading could possibly salvage Mr. Steele's bad faith claim. So, the court does not conclude an amended complaint will be futile and WILL GRANT Plaintiff's motion to amend his complaint.

**IV. Conclusion**

For the above stated reasons, this court WILL GRANT Liberty's motion to dismiss but WILL GIVE LEAVE to Mr. Steele to amend his complaint to cure the pleading deficiencies identified in this Memorandum Opinion. Plaintiff shall file his amended complaint on or before September 13, 2019. The court will issue a separate order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 5th day of September, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE